## Hill, et al. v. Bridges, et al.

(Decided May 24, 1921.)

### Appeal from Montgomery Circuit Court.

1. Wills—Construction.—The cardinal rule of construction of wills is to find and adopt the construction and purposes of the testator.

2. Wills—Dying Without Issue—Construction.—Where a devise is for life with remainder to another and if the remainderman die without issue then to a third person, the words "dying without issue" relate to the death of the remainderman during the continuance of the life estate.

R. G. KERN for appellants.

W. B. WHITE for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The second clause of the probated will of Willis D. M. Bridges, who died domiciled in Montgomery county in 1871, and which will gave rise to this lawsuit, reads as follows:

"It is my will and desire that my beloved wife Sarah Bridges shall have my personal estate and the full use of my real estate and absolutely my personal estate and should she marry, it is my will that my said wife shall have her distributable part of my land and the balance to be equally divided between my children, and if any one of my children should marry, and have any child or children, it is my will that such child or children shall have equally their father's or mother's portion of my estate."

The testator owned about 125 acres of land at the time of his death. His widow, who never married, lived until 1907, and left surviving her their four children.

This action seeks two things: (1) a construction of the will of Bridges, (2) the specific performance of an executory contract for the sale of a tract of 240 acres of land, of which 57 acres passed under the will from Willis D. M. Bridges aforesaid and which it is contended by appellant Hill gave only a life estate to the widow of Bridges and at her death or marriage, to the testator's children for life with remainder to his children's children, if they should marry and have a child or children.

Because of this question as to the sufficiency of the title, Hill, the purchaser of the land, refused to accept the deed of M. W. Bridges or pay the purchase price.

The lower court construed the will to pass a fee simple title to the land to the children of testator, of whom appellee M. W. Bridges is one, adjudged the title good and directed the purchaser Hill to accept the deed of M. W. Bridges. Hill the purchaser, appeals.

The clause of the will above quoted is so unskillfully and awkwardly worded that it is difficult to arrive at and certainly know the real intention and purpose of the testator. Evidently the draftsman of the will was not experienced in such work, nor was he a lawyer if we may judge from the phraseology of the instrument.

The third clause of the will may throw some light on the question, and we copy it here:

"It is my will and desire that if either of my children shall die without children or issue, not having a living husband or wife alive, then it is my will that my other living children and their representatives shall have equally said estate of such deceased child and should the wife or husband of such child survive them it is my will that said wife or husband have a life estate in said child's portion, provided that said child shall die without leaving child or children as before stated."

Undoubtedly the testator by the second clause of the will intended to and did give all his personal estate to his wife, absolutely, but only gave her the "full use" of his lands during her life if she did not marry. In event of her marriage she was not to have the use of the whole of his lands but only such share as the statute gives the widow, the balance of his landed estate to pass to and vest immediately upon the marriage of the widow in his children, share and share alike. He also provided in case of death of one or more of his children after the estate became vested in them by the happening of one of

the contingencies above mentioned, that the share or shares of such child or children should go to and vest in equal portions in the other children of testator.

In arriving at the foregoing construction of the will we have had resort to certain well known rules of construction of such instruments. One of such rules is that where an estate is devised to one for life with remainder to another and if the remainderman die without child or issue then to another person, the provision regarding the death of the remainderman without issue relates to his death during the existence of the life estate and not after its termination. Spacey v. Close, 184 Ky. 523.

If we apply this rule to the facts of this case the will gives the widow a life estate with remainder to the children of testator, the children all surviving the widow, we must hold that the grandchildren of testator do not take under the will but that testator's children took the whole estate.

But putting aside all such arbitrary rules of construction we think that a reading of the whole testamentary instrument shows with reasonable certainty that the testator intended to give his wife a life estate with remainder to his four children who are parties to this action. His intention, when ascertainable, controls the interpretation to be put upon the will and supersedes all other rules of construction.

Holding this to be the correct construction of the will it follows that M. W. Bridges is the owner of the land the title to which appellant Hill rejected, and the lower court correctly so held and decreed a specific performance of the contract of sale of the land.

Judgment affirmed.